# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**BRADLEY SPRAGUE, JR.**

    Plaintiff,

v.

**SGT. DAVID FORYSTEK,**

    Defendant.

_____/

Case No. 05-73977

**HONORABLE DENISE PAGE HOOD**

## ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES

### I. INTRODUCTION

This matter is before the Court on Defendant's Motion for Attorney Fees filed, November 6, 2006. Plaintiff did not file a response.

### II. FACTS:

Plaintiff Bradley Sprague, Jr. brought the instant action, pursuant to 42 U.S.C. §1983, alleging that his constitutional rights were violated when City of Flint officers used excessive force in the course of arresting him. Plaintiff alleged that Defendants, Officer David Forystek and Officer Terry Speedy, forcefully dragged him out of the police car by his handcuffs and unnecessarily struck him on the face when he refused to surrender his cell phone after his arrest. Plaintiff brought the instant action against the City of Flint, Officer Forystek, and Officer Terry Speedy alleging: Negligence and Gross Negligence against Defendants Forystek and Speedy (Count I); Violation of 42 U.S.C. §1983 (Count II); Negligent Training and Supervision against City of Flint (Count III).

The original action was removed to this Court on October 17, 2005 from Genesee County Circuit Court and submitted to a jury on October 20, 2006. After a three-day deliberation, the jury

delivered a verdict in favor of Defendants on all counts. Defendants filed no motions for dismissal, summary judgment or for judgment as a matter of law. Defendant Officer Forystek now seeks attorney fees in the amount of $26,565 pursuant to 42 U.S.C. §1988. Plaintiff has not filed a response to Defendant's motion. Defendant states in his motion that Plaintiff does not agree to the imposition of attorney fees, except under certain conditions that are unacceptable to the Defendant. (Defs. Mot. at 2).

## III. APPLICABLE LAW

This Court has the discretion to allow the prevailing party in a 42 U.S.C. §1983 suit "a reasonable attorney's fee as part of the costs." 42 U.S.C. §1988(b) (2000). The landmark case concerning attorney fees is *Christianburg Garment Co. v. EEOC*, a Title VII discrimination case, in which the Supreme Court established that a District Court may only award attorney fees to a prevailing defendant if the plaintiff's claim was "frivolous, unreasonable, or without foundation." 434 U.S. 412, 421 (1978). This "stringent standard" has been adopted for attorney fee requests from prevailing defendants in §1983 cases, as such the plaintiff's case must be frivolous in order for the defendant to collect attorney fees. *See Tarter v. Raybuck,* 742 F.2d 977, 985 (6th Cir. 1984) *(*quoting *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)).

The Sixth Circuit has limited this extreme sanction of attorney fees against a losing plaintiff "to truly egregious cases of misconduct." *Jones v. Continental Corp*. 789 F.2d 1225, 1232 (6th Cir. 1986). While the determination of whether a suit is frivolous is made on a case-by-case basis, *Smith v. Smythe-Cramer Co.* 754 F.2d 180, 183 (6th Cir. 1985), a few trends can be discerned from the various Sixth Circuit cases that have dealt with the issue.

A claim that presents a genuine issue of material fact is not frivolous. *See Christian v.*

*Belcher,* 888 F.2d 410 (6th Cir. 1989). In *Christian*, the Sixth Circuit denied an attorney fees award to defendants because the plaintiff's claim had survived a summary judgment motion on appeal necessitating "that the claim was sufficiently meritorious to avoid an award of attorney fees." *Christian,* 888 F.2d at 417. Similarly, in *Dubuc v. Green Oak Tp.,* 312 F.3d 736 *(*6th Cir. 2002*),* the plaintiff brought a §1983 suit against Green Oak Township, which was ultimately dismissed because it was claim precluded. *Id.* at 739. The Sixth Circuit held that the claim was not frivolous because the claim preclusion issue was not "clear cut" and the suit "survived for many years under two different judges." *Id.* at 755

A claim is also not frivolous, unless it was "groundless from the outset," meaning the plaintiff did not have an adequate basis for bringing the claim. *See Smith,* 754 F.2d at 183. As such, in *Riddle v. Egensperger,* 266 F.3d 542, 552 (6th Cir. 2001), the Sixth Circuit found that the plaintiff's claim against the City Council was not groundless from the outset because it was based on the plaintiff's belief that his right to speak at City Council meetings had been limited and some evidence of comments made by City Council members. *Id.* Similarly, in *Smith,* 754 F.2d at 185, the Sixth Circuit held that the plaintiffs' belief that they were victims of racial discrimination, along with "some evidence" in support of this belief, provided an adequate enough basis to avoid finding that the suit was frivolous from the outset, even though it was not ultimately successful. *Id.* The Sixth Circuit has also pointed to factors such as a defendant's failure to file a motion for dismissal as indicative of the fact that the claim was not groundless from the outset. *See Riddle*, 266 F.3d at 550.

Conversely, in *Wolfe v. Perry*, 412 F.3d 707, 721 (6th Cir. 2005), the Sixth Circuit affirmed the district court's decision that the plaintiff's claims were frivolous because they were clearly

3

defective at the outset of the case. Plaintiff brought a §1983 claim against police officers whom he alleged illegally searched his home and seized his property. However, at his deposition, the plaintiff "admitted that he did not own or reside at the residence (that was searched), nor did he own any of the property seized from it." *Id*. The Sixth Circuit ruled that it was clear in this case that the plaintiff's legal rights were completely unaffected by the search and seizure, and he knew from the outset that his claim was frivolous. *Id.*

Lastly, a claim is not frivolous solely because it proves inadequate, and courts are discouraged from engaging in "post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Riddle,* 266 F.3d at 547 (quoting *Christianburg*, 434 U.S. at 421). Illustrative of this rule is *Tahfs v. Proctor*, 316 F.3d 584 (6th Cir. 2003), in which the plaintiff alleged that the defendant deprived her of Free Speech and Due Process rights, pursuant to 42 U.S.C. §1983. The Sixth Circuit upheld the district court's dismissal of the plaintiff's §1983 claim because she could not establish that the defendants were state actors, a required element in such a claim. *Tahfs,* 316 F.3d at 593. The *Tahfs* court still held that the inadequacy of the claim alone did not make it frivolous because, even a claim full of "generalized and conclusory accusations" that "does not meet ... the lowest threshold necessary to survive a motion to dismiss" is not necessarily frivolous. *Id.* The *Tahfs* court held that the plaintiff's original reason for filing was based on "undisputed facts" that led her to believe she was wronged, as such, the ultimate inadequacy of the claim was not a factor that made the case frivolous. *Id.* at 596.

**IV. ANALYSIS**

First, before examination of the Defendant's argument, it is important to note that the instant

4

case went to trial and a jury verdict was delivered. Additionally it is noteworthy that Defendant filed no motions for dismissal, summary judgment, or for judgment as a matter of law. Since the Sixth Circuit has refused to call even the most inadequate claims frivolous, *see Dubuc,* 312 F.3d at 755 (claim is not frivolous even though claim precluded because it received some consideration from the courts), it is difficult to conclude that the claim in the present case, which reached trial and was not dismissed through any pre-trial or post-trial motions, is frivolous. In *Christian,* 888 F.2d at 417, the plaintiff's claim was able to survive a motion for summary judgment, and the Sixth Circuit consequently ruled that it was not frivolous because it presented a genuine issue to be resolved at trial. This is identical to the situation in the present case because this case reached the trial level indicating that Plaintiff presented to this Court an issue that needed to be resolved, rendering his claim non-frivolous.

Additionally, Plaintiff's detailed complaint and the fact that he tried to prove his case at trial suggests that he strongly believed excessive force was used in the course of his arrest and had some support for this belief. This basis for filing suit was adequate in *Riddle v. Egensperger,* 266 F.3d 542 and *Smith v. Smythe-Cramer Co.* 754 F.2d 180. In those cases, the Sixth Circuit opined that a belief of injury and some evidence to support this belief provided an adequate basis for filing suit to avoid a finding that the suit was frivolous. *See Smith,* 754 F.2d at 182; *See also Riddle,* 266 F.3d at 552. Plaintiff's claim in the present case is distinguishable from the frivolous claim brought by the plaintiff in *Wolfe*, 412 F.3d at 721, because it is not based on a set of untrue facts and because Plaintiff had no reason to think it was frivolous when he filed it. The plaintiff in *Wolfe*, on the other hand, brought a claim of illegal search and seizure suit involving a home that he did not reside in or own. *Id.* Based on the facts of this case, it is reasonable to conclude that Plaintiff's case was not

frivolous from the outset and he had an adequate basis for filing it.

Defendant argues, on the other hand, that Plaintiff's claim was frivolous because the defense was able to establish at trial that the officers had probable cause to use force in arresting the Plaintiff and that Plaintiff was intoxicated during the arrest. (Defs. Mot. at 11). A finding of frivolousness on these grounds would be inappropriate as it would be based upon what transpired in the course of litigation and the final outcome of the case, instead of focusing on Plaintiff's basis for filing the claim. This is "post hoc reasoning" that has been strongly discouraged by the Supreme Court. In *Tahfs*, 316 F.3d at 593, the Sixth Circuit held that the plaintiff's claim was not frivolous even though it was dismissed on a Rule 12(b)(6) motion for failure to state a claim. The Court only looked to the plaintiff's basis for filing suit, which rested upon undisputed facts, instead of looking to defenses brought up by opposing counsel or the ultimate outcome of the case. Similarly, in *Dubuc,* 312 F.3d at 755, the plaintiff's case was dismissed because it was claim precluded. Even so, the Sixth Circuit held that one of the reason's plaintiff's claim was not frivolous was because he did not know when he filed it that it would be dismissed on these grounds. *Id.* Accordingly, in the present case, Plaintiff's basis for filing suit is sound, and his claim cannot be found frivolous because of defenses brought up during trial that ultimately led to Defendant's victory.

Defendant also argues in his Motion for Attorney Fees that Plaintiff's claim was frivolous because he failed to establish a prima facie case of assault and battery. (Defs. Mot. at 10, 11). The Sixth Circuit has held in *Tahfs*, 316 F.3d at 596, and numerous other cases, that an inadequate claim is not frivolous by default. In *Tahfs*, the plaintiff was not even able to establish that the defendants were state actors, a required element in a §1983 action, and yet the Sixth Circuit held that the defendants would not be awarded attorney fees because the plaintiff's claim had an adequate basis.

6

*Id.* at 593, 596. Similarly, in the instant case, Plaintiff's failure to establish a prima facie case cannot be the lone factor that makes his claim frivolous when it has already been established that he had an adequate basis for filing it.

## V. CONCLUSION

For the above stated reasons, it is ordered that Defendant's Motion for Attorney Fees **[Docket No. 25, filed November 6, 2006]** is DENIED.

s/ DENISE PAGE HOOD<br>
DENISE PAGE HOOD<br>
United States District Judge

DATED: September 26, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 26, 2007, by electronic and/or ordinary mail.

S/William F. Lewis<br>
Case Manager